*J. D. Belden,* appellant.

*Russell & A.,* for appellee.

---

H. C. THOMAS ADMR., ET AL *v.* SQUIRE TURNER.

**Judicial Sales—Definite Pleadings or Evidence of Title in Defendant.**

It is erroneous to order the sale of land without either definite pleading for that purpose or such evidence of title as was reasonably necessary to assure the purchaser and to enable the commissioner to sell and the court to convey the title.

APPEAL FROM MADISON CIRCUIT COURT.

January 14, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

Neither the pleadings nor the evidence, as copied in the record, authorized the judgment sought to be reversed.   The amended petition, alleges that "ample equitable assets" came to the hands of the defendants as the representatives and heirs of the deceased

obligors in the notes, to pay the debts, liable to be specifically subjected, and although the judgment assumes that Henry C. Thomas and Marcus L. Thomas had not only the equitable, but the legal title to certain lands in Estill county, as devisees of H. H. Thomas, deceased, which ascended to their heirs, and orders a commissioner to ascertain the quantities and boundaries of these lands, and sell them and although in this court an argument is made by the court on both sides as to the construction of said H. H. Thomas' will, it is not in the record, nor is there any evidence of title in the defendant to the land adjudged to be sold, or that which seems to have been sold under the judgment. Whether or not the court have jurisdiction in this case to order a sale of the land in Estill county, or render a judgment against the heirs of said decedents upon the service of process in Estill, we need not now decide; for obvious reasons it was erroneous and prejudicial to appellant to order the sale without either definite pleading for that purpose or such evidence of title to be assured to purchasers, as was reasonably necessary to enable the commissioner to sell without a sacrifice of the right of the defendants, and the court to convey the title.

Wherefore the judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Burnam*, for appellant.

*Turner*, for appellee.